IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANAHITA VAFAMAND, *ET AL.*,      )
      )
      Plaintiffs,      )
      )
      v.      )
      )      Civil Action No. 1:25-cv-677-AJT-IDD
KENNETH PLATEK, *ET AL.*,      )
      )
      Defendants.      )
      )

## ORDER

Plaintiffs Anahita Vafamand, Zahra Shakourzadehalishah, Seyed Mohammadsaleh Zahraei, Zahra Mirkheshti, and Mojtaba Hossein Pour Choubi (collectively the "Plaintiffs")[1] file this civil action seeking to compel Marco Rubio, in his official capacity as the United States Secretary of State, and Kenneth Platek, in his official capacity as the Director of the National Vetting Center, (collectively the "Defendants"), to adjudicate their F-1 and F-2 visa applications. [Doc. No. 1] at 2. Before the Court is Defendants' Motion to Dismiss (the "Motion"). [Doc. No. 8. For the reasons stated below, the Motion is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

### I. BACKGROUND

Plaintiffs alleged the following in their Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief (the "Complaint"):

Plaintiffs are Iranian graduate students, or the spouses thereof, who have already been accepted into programs at universities in the United States and seek to compel Defendants to

---

[1] Eighteen Plaintiffs initially filed this action, but thirteen Plaintiffs voluntarily dismissed their claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See* [Doc. Nos. 12, 14].

adjudicate their F-1 and F-2 nonimmigrant student visa applications.[2] [Doc. No. 1] ¶ 1. Each Plaintiff submitted a visa application after being accepted to their respective graduate programs and attended an in-person interview at U.S. Embassies in Turkey, Dubai, or Armenia, at which time their application was refused pursuant to Section 221(g) and placed in administrative processing while Plaintiffs submitted, and the consular officials reviewed, additional information. *Id.* ¶¶ 126-27, 133-34, 148, 150, 155-56. Each Plaintiff submitted the supplemental information as requested by the consular officer, but their cases have remained in administrative processing for between ten and twelve months, as of the filing of the Complaint. *Id.* ¶¶ 29-30, 32-34.

Plaintiffs bring this action asserting four counts: violations of Administrative Procedure Act ("APA") Sections 706(1) and (2) for delaying their visa adjudication and allegedly misusing Section 221(g) refusals to satisfy their duties to adjudicate visas without actually issuing a decision on them, (Counts I and III); violations of APA Section 555(b) for unreasonably delaying their visa adjudications, (Count II); and seeking relief under the Mandamus Act to order the Defendants to adjudicate their nonimmigrant visa applications, (Count IV). *See* [Doc. No. 1]. In response to the Complaint, the Defendants filed the present Motion on the grounds that this Court should dismiss Plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because the Court lacks jurisdiction over Plaintiffs' claims, the doctrine of non-consular reviewability applies, and Plaintiffs' lack Article III standing. [Doc. No. 9] at 1.

---

[2] Plaintiff Vafamand and Sakourzadehalishah have been accepted into Texas A&M's Ph.D. program for Chemistry; [Doc. No. 1] ¶¶ 29-30. Plaintiff Zahraei was accepted to a Ph.D. program for cellular and molecular biology at the University of Texas at San Antonio. *Id.* ¶ 32. Similarly, Plaintiff Choubi was accepted to Northwester University's Ph.D. program for electronic and electronics engineering. *Id.* ¶ 34. Plaintiff Mirkheshti is Plaintiff Zahraei's spouse and seeks an F-2 visa to join her spouse while he studies. *Id.* ¶ 33.

## II. STANDARD OF REVIEW

Federal courts only have jurisdiction over "Cases" and "Controversies," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-60 (1992), and where a court lacks jurisdiction over a case, it must be dismissed under Rule 12(b)(1). FED. R. CIV. P. 12(b)(1). The plaintiff has the burden of proving that a court has jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Lujan*, 504 U.S. at 561. Because a court does not have authority to resolve any issues without jurisdiction, it must resolve subject matter jurisdiction before addressing any other claim. *Whitaker v. Monroe Staffing Servs., LLC*, 42 F.4th 200, 206 (4th Cir. 2022). When the Court examines a 12(b)(1) motion, "the court must evaluate the allegations in the complaint as 'mere evidence,' and may consider evidence outside the pleadings without converting the motion challenging jurisdiction into a summary judgment motion." *Richmond v. The United States*, 945 F.2d 765, 768 (4th Cir. 1991).

## III. ANALYSIS

Plaintiffs argue that this Court has jurisdiction under the APA and Mandamus Act. However, Section 706(1) of the APA only confers jurisdiction on this Court where the agency has unlawfully withheld or unreasonably delayed a discrete agency action that it is legally required to take, which is essentially the same as when jurisdiction is conferred under the Mandamus Act. *Hyatt v. United States PTO*, 146 F.Supp. 3d 771, 781 n.25, 782 (E.D. Va. 2015). Thus, in order to have jurisdiction under either statute, a plaintiff must identify "a discrete agency action that [the agency] is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

Here, however, although there are provisions of the immigration laws that do prescribe clear, non-discretionary duties for the Defendants to adjudicate a nonimmigrant visa application,[3] Defendants completed these required actions when it refused Plaintiffs' visa applications pursuant to Section 221(g), [Doc. No. 1] ¶¶ 126-27, 133-34, 148, 150, 155-56;  and after a visa is denied under Section 221(g) and placed in administrative processing, there is no other non-discretionary duty that requires the Defendants to complete the administrative processing or re-adjudicate the already-refused visas. *Khalilijourabchian v. Hawkins*, No. 1:24-cv-02283-AJT-IDD, 2025 WL 1655330, at *3 (E.D. Va. June 10, 2025); *Berenjian v. Blinken*, No. 1:24-CV-00663-MSN-IDD, 2024 WL 3732451, at *3 (E.D. Va. Aug. 8, 2024); *Haddad v. Platek*, No. 1:24-cv-2289, 2025 WL 2490653, at *3 (E.D. Va. Aug. 4, 2025); *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *2, *6 (D.C. Cir. July 24, 2024) (unpublished). Therefore, Plaintiffs have not identified a clear, non-discretionary duty for the Defendants to re-adjudicate Plaintiffs' already-refused visa applications, [Doc. No. 9] at 10-22, and without this clear statutory command, the Court lacks subject matter jurisdiction over the Section 706 of the APA and Mandamus claims at issue here. *See Berenjian*, 2024 WL 3732451, at *3.

Nor does Section 555 of the APA independently confer jurisdiction on this Court, as Plaintiffs contend. Section 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties . . . and within a reasonable time, each agency shall proceed to conclude a matter presented to it," 5 U.S.C. § 555(b), but any claimed violations of Section 555(b) violations would be brought through the limited jurisdiction conferred under Section 706(1), as discussed above, and courts have consistently concluded that Section 555(b)'s command that agencies act

---

[3] *E.g.*, 8 U.S.C. § 1202(d) ("[A]ll nonimmigrant visa applications *shall* be reviewed and adjudicated by a consular office. (emphasis added); 22 C.F.R. § 41.121(a) ("[T]he consular officer *must* issue the visa, refuse the visa, or, pursuant to an outstanding order under INA 243(d), discontinue granting the visa." (emphasis added)).

"within a reasonable time" is too broad to create a discrete, non-discretionary duty sufficient to confer jurisdiction under Section 706(1). *See Haddad v. Platek*, No. 1:24-cv-2289, 2025 WL 2490653, at *3 (E.D. Va. Aug. 4, 2025); *Sakhi v. Blinken*,  No. DLB-24-1376, 2025 WL 904141, at *6 (D. Md. Mar. 25, 2025); *Turner v. Blinken*, No. RDB-24-318, 2024 WL 4957178, at *5 (D. Md. Dec. 3, 2024); *Ali v. U.S. Dep't of State*, 676 F. Supp. 3d 460, 470 (E.D.N.C. 2023). Accordingly, Plaintiffs have failed to prove by a preponderance of the evidence that this Court has subject matter jurisdiction over any of their claims.[4]

## IV. CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED** that the Motion, [Doc. No. 8], be, and the same hereby is, **GRANTED**, and Plaintiff's claims are **DISMISSED** for lack of subject matter jurisdiction.

The Clerk is directed to send a copy of this Order to all counsel of record and enter judgment in favor of the Defendants pursuant to Fed. R. Civ. P. 58.

September 8, 2025
Alexandria, Virginia

Anthony J. Trenga
Senior U.S. District Judge

---

[4] Because the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims, it did not consider Defendants' argument that Plaintiffs failed to state a claim under to Rule 12(b)(6). *See Whitaker v. Monroe Staffing Servs., LLC*, 42 F. 4th 200, 206 (4th Cir. 2022). However, the Court has considered Defendants' argument that because Plaintiffs are seeking to have reviewed the refusal of their visa applications, they lack standing to "challenge any aspect of the [visa adjudication] process that leads to that determination." [Doc. No. 9] at 9.  But Plaintiffs' are not seeking a review of the State Department's refusal of their visa applications, but rather seek to compel the State Department to act on their visa applications based on the additional information provided after that refusal. Accordingly, Plaintiffs are claiming that the Defendants must continue processing their visas in a timely manner, not that the already issued refusal was improper or unlawful. Accordingly,  the Plaintiffs would have had standing to assert that claim if the Court had jurisdiction under either the APA or Mandamus Act.

5